CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of an automobile accident. One of the original plaintiffs, Harry H. Henson, driver of one of the vehicles, is no longer a party. The other plaintiff is Charles Ray Brandon, who sues individually and as administrator of the estate of his minor child, Randy Joe Brandon. The Brandons were passengers in the Henson automobile. The defendants are Mrs. Pamela M. McLaughlin, driver of the other automobile, and her liability insurer, State Farm Mutual Automobile Insurance Company. The defendants admitted liability and hence the sole issue tried was quantum. The trial judge awarded the plaintiff, Charles Ray Brandon, individually a total of $6,089.75 in general and special damages. Brandon has appealed seeking an increase in his individual award and also an award for his minor child.
The principal issue on appeal is whether the award of $2500 to Mr. Brandon for general damages is inadequate. Plaintiff contends that as a result of the accident he suffered an aggravation of a pre-exist-ing back condition which necessitated a spinal fusion. Defendants contend the spinal fusion was not causally related to the accident but, instead, was necessitated by scar tissue from a laminectomy which was performed about six months before the accident.
The facts show that in March of 1968, Mr. Brandon had strained his back lifting a heavy pipe. In April of 1968, Dr. Robert Goodall, a neurosurgeon in Houston, Texas, surgically removed a portion of the disc at the L-4 level. By September of 1968, Brandon had recovered from this surgery and returned to his job with the Missouri-Pacific Railroad as a truckman. On September 23, 1968, he reinjured his back while unloading transformers at work. However, this injury subsided and he returned to work by October 16, 1968.
The accident involved in the present suit occurred on November 2, 1968, while Brandon and the other passengers in the Henson automobile were enroute to Baton Rouge to see the LSU-Ole Miss football game. After the police investigated the accident, Mr. Brandon and the others who were traveling with him went on to the football game in Baton Rouge. The next day they drove back to their home in Houston, Texas. Brandon testified that on his arrival in Houston on Sunday, November 3, he was experiencing back pain *187 and that he went to the Pasadena Memorial Hospital where an intern gave a shot for pain. He says that the next day, Monday, November 4, he was seen by his family physician, Dr. Albert B. Bowman. However, Dr. Bowman testified that he did not see ■ plaintiff until November 7. In any event, Dr. Bowman found muscle spasm in the lumbar and cervical areas and severe pain which, in the doctor’s opinion, resulted from the automobile accident on November 2.
Mr. Brandon was in the hospital from November 7 to November 13, 1968. On this latter date he was referred by Dr. Bowman to Dr. Goodall, the neurosurgeon who had originally treated plaintiff and performed the laminectomy in April of 1968. Dr. Goodall expressed the opinion that as a result of the automobile accident plaintiff had suffered only a “mechanical back strain” which had aggravated the pre-existing condition but would be temporary.
Thereafter, during December of 1968 and January and February, 1969, Dr. Goodall continued to see Mr. Brandon. This physician testified that on “February 17, 1969, I thought that he had recovered and had no weakness or I would have made a note. I said he could do his exercises fine. When they can do them well, I feel they have good strong back muscles.” Dr. Goodall stated further that from a medical standpoint Mr. Brandon’s back was in better condition as of February 17, 1969 than it was on October 17, 1968, which was two weeks before the accident.
On June 17, 1969, Dr. Goodall examined Mr. Brandon for continued complaints of back pain but found no neurological symptoms. He decided to call in consultation Dr. E. J. Tucker, an orthopedic surgeon, to determine whether the pain was bad enough to justify a spinal fusion.
On June 22, 1969, Dr. Goodall and Dr. Tucker performed a surgical exploration of the site of the previous laminectomy. They found that the nerve roots at the L-4 level were incarcerated by scar tissue from the previous surgery, with the result that the motion of the nerve roots was restricted and caused pain on certain body motions. Dr. Goodall performed a neurol-ysis to free the nerves of this incarceration. Following this, Dr. Tucker performed a spinal fusion of the vertebrae involved.
In answer to a long hypothetical question by plaintiff’s counsel, Dr. Tucker stated that the incarcerated nerve roots were probably aggravated by the automobile accident and hence the accident in question was causally related to the neurol-ysis and spinal fusion in June of 1969. However, on cross-examination by defense counsel, Dr. Tucker weakened his position considerably when advised of the fact that immediately after the accident Mr. Brandon went on to the football game in Baton Rouge and then rode back to Houston the next day, which would indicate that there was no severe aggravation of the scar tissue.
Dr. Goodall, who had been the treating physician since the initial laminectomy in June of 1968, could give no firm opinion as to whether the injury sustained in the automobile accident was causally related to the difficulties which required the spinal fusion in June of 1969. Both of these physicians said that frequently scar tissue from disc surgery incarcerates nerve roots and requires further corrective surgery.
The trial judge, in a well reasoned written opinion, reached the following conclusion with which we agree:
“The plaintiff of course bears the burden of proving that the damages claim.ed are the natural and proximate result of the injury occasioned to him and not the result of separate independent and intervening acts or causes for which the defendant was in no way responsible. As in the case of Perry v. New Hampshire Insurance Company, 233 So.2d 362 ([La.App.] 1st Cir.) the Court does not *188 feel that the plaintiff in this case has shown by the requisite preponderance of evidence that he sustained any more injury than a moderate to severe lumbo-sacral strain, which caused some temporary aggravation of his pre-existing back condition with no permanent residual injury; nor does this Court believe that plaintiff has sustained his burden of proving that the accident sued upon necessitated the spinal fusion which he underwent subsequent to the accident.
“This Court feels that a fair evaluation of the evidence reflects that Mr. Brandon did sustain an acute cervical strain the duration of which was approximately eleven days and additionally there was some lumbosacral strain superimposed upon his previous back condition of a temporary nature and from which he had fully recovered by February 17th, 1969.”
The trial judge awarded Brandon $2500 in general damages. This is clearly within the large discretion of the trier of fact.
The next error urged is that Dr. E. J. Tucker was not awarded an expert witness fee. Dr. Tucker testified as an expert on the principal medical issue, i. e., the causal relation between the accident and the spinal fusion. Plaintiff is entitled to have Dr. Tucker’s witness fee fixed and assessed as court costs. The fee is fixed at $75, the same as that which was allowed for Dr. Bowman and Dr. Goodall.
The final issue is whether the trial judge erred in refusing to award any damages whatsoever for Randy Joe Brandon, the minor child. Randy testified that he “hurt his left hand” in the automobile accident. He said further that the doctor x-rayed it and “that was about all.” There is no medical testimony whatever to corroborate any injury to Randy. Plaintiff’s failure to call the treating physician raises the presumption that the doctor’s testimony would have been adverse. We find no manifest error here.
In his brief filed in this court, Mr. Brandon also requests an increase in the award for loss of wages following the spinal fusion in June of 1969. In view of the conclusion which we have reached, this loss was not caused by the accident.
For the reasons assigned, the judgment appealed is amended to assess as costs an expert witness fe'e in the sum "o’f $75 for Dr. Tucker. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed, as amended.